**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Juanita Lashone Walter, | Case No. 2:24-cv-01319-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Amazon Vgt 1, et al., | |
| Defendants. | |

Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.  Analysis**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.  Screening the Complaint

Plaintiff's complaint contains no factual allegations. *See* ECF No. 1-1. Her complaint lists the defendants, the different causes of actions related to discriminatory acts during her employment, and a list of dates in which such acts took place. Even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each of the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). That is, she must provide facts for the alleged discriminatory conduct that took place on each of the dates in question and explain how each defendant is involved in each claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by August 26, 2024. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: July 26, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE