UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUANITA LASHONE WALTER,<br><br>                    Plaintiff,<br>     vs.<br><br>AMAZON VGT 1, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-01319-GMN-BNW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 9), from United States Magistrate Judge Brenda Weksler, which recommends dismissing this case without prejudice for failure to comply with the Court's amended complaint deadline. For the reasons explained below, the Court **ACCEPTS and ADOPTS** the R&R and **DISMISSES** this case without prejudice.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. L. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. L. R. IB 3-2(b).

Plaintiff filed a declaration in response to the Magistrate Judge's R&R, which the Court construes as a timely objection to the R&R. (Decl., ECF No. 12). The Court will therefore make a *de novo* determination as to whether Plaintiff's case should be dismissed without prejudice.

1	In the Order screening Plaintiff's Complaint, Magistrate Judge Weksler dismissed Plaintiff's claims but gave her until August 26, 2024, to file an amended complaint. (*See* Screening Order, ECF No. 3). Plaintiff filed an amended complaint on August 12, 2024, which Magistrate Judge Weksler screened and again dismissed with leave to amend. (*See* Second Screening Order, ECF No. 7). That Order gave Plaintiff until November 25, 2024, to file an amended complaint. (*Id*.). Plaintiff failed to file a Second Amended Complaint by that date, had not filed a Second Amended Complaint by the date that Magistrate Judge Weksler entered her R&R in January of 2025, and has not filed a Second Amended Complaint as of the date of this Order. (R&R 1:15–17).

Plaintiff's Declaration, which the Court construes as an objection to the R&R, does not provide a basis for her objections or an explanation for her failure to file a Second Amended Complaint by the deadline set by Magistrate Judge Weksler. (*See generally* Decl.). Plaintiff attaches what appears to be additional documentation and factual allegations about her case to her Declaration, but this information does not provide the Court with an explanation for why Plaintiff failed to file a Second Amended Complaint by the Court's deadline or why the Court should not dismiss the case for failure to comply with the Court's Order.

The Court finds that dismissal of this action is appropriate based on Plaintiff's failure to comply with the Court's order that she file a Second Amended Complaint by a deadline. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (approving dismissal for failure to comply with an order requiring amendment of complaint.). In determining whether to dismiss an action on the grounds that Plaintiff failed to comply with a court order, the Court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*

*v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The public's interest in expeditious resolution of litigation and the Court's need to manage its docket both weigh in favor of dismissal here. Further, there is a presumption that a defendant is injured when there is an unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Thus, the third factor also weighs in favor of dismissal. Regarding the fifth factor, there does not appear to be a meaningful less-drastic alternative because Plaintiff provides no explanation for why she did not file a Second Amended Complaint by the deadline or in the months that followed, nor has she indicated that she needs more time to do so. While the fourth factor (public police favoring disposition of cases on their merits) weighs against dismissal, the Court finds that the factors overall weigh in favor of dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 9), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

Dated this __29__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court